```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CASANOVA HOLMES,
                                              MEMORANDUM AND ORDER
                     Petitioner,
                                              22-CV-870(KAM)
     -against-

CHRISTOPHER YEHL[1], Superintendent of
Wende Correctional Facility,

                     Respondent.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On February 11, 2022, Casanova Holmes ("Petitioner"), currently incarcerated in the custody of the New York State Department of Corrections and Community Supervision, filed this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, challenging his conviction for Attempted Murder in the Second Degree and the sentence imposed in Supreme Court in Kings County, New York. (*See* ECF No. 1, Petition for Writ of Habeas Corpus dated 2/7/22 ("Pet.").) The Petitioner challenges his

---

[1] The proper respondent in a federal habeas action is the warden or superintendent of the facility where the petitioner is held. *See Green v. Lee*, 964 F. Supp. 2d 237, 253 (E.D.N.Y. 2013). The Court, on its own initiative, deems the Petition amended to change the respondent to the Superintendent of Wende Correctional Facility, where Petitioner is currently held. *See Incarcerated Lookup,* Department of Corrections and Community Supervision https://nysdoccslookup.doccs.ny.gov/ (last visited Apr. 25, 2024) (indicating Petitioner is currently in custody at Wende Correctional Facility); *see also* Department of Corrections and Community Supervision, https://doccs.ny.gov/location/wende-correctional-facility (last visited Apr. 25, 2024) (indicating Christopher Yehl is the current Superintendent of Wende Correctional Facility).

1

sentence as illegal and excessive and also argues that he did not knowingly, intelligently, and voluntarily enter his guilty plea. (*Id.* at 6-7.) For the reasons set forth below, the Petition is respectfully denied.

**BACKGROUND**

**I.   The Crime and Plea Proceeding**

The Petition arises from Petitioner's conviction following his guilty plea, on July 6, 2017, in Kings County Supreme Court to Attempted Murder in the Second Degree in violation of New York Penal Law ("N.Y.P.L.") §§ 110.00; 125.25(1) and his sentence of nineteen years in custody, followed by five years of Post Release Supervision ("PRS"). (*See* ECF No. 3, Affirmation and Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("State Opp.") at 3.[2])

Petitioner's conviction arose out of the attempted murder of Nyisha Rosado ("Rosado") on March 5, 2016. (*Id.* at 50.) According to the description of the offense contained in the Pre-Sentence Investigation Face Sheet as well as Rosado's victim statement in the same document, Petitioner, who was a stranger to Rosado, followed her into her apartment building on March 5, 2016, while she was speaking on her cellphone. (*Id.*) Rosado "heard a click" and turned around and observed Petitioner in possession of a

---

[2] For citations to the State's Opposition, the pincite refers to the documents page numbers assigned by the Electronic Case Filing system.

2

firearm, which appeared to have jammed. (*Id.*) Rosado ran into her apartment, where her eight-year-old son and nine-year-old cousin were present, and Petitioner "fired approximately eight shots at the door of the apartment from outside the doorway" before fleeing the scene. (*Id.* at 2.) Detectives later recovered shell casings and fired bullets from the scene and viewed video surveillance showing Petitioner pointing a firearm at Rosado's head, the gun jamming, and Petitioner subsequently firing approximately eight shots at the door of Rosado's apartment. (*Id.* at 50.) An eyewitness later informed detectives that Petitioner was the individual firing the weapon in the surveillance video. (*Id.*)

Petitioner was subsequently arrested and charged on March 16, 2016, with: Attempted Murder in the Second Degree under N.Y.P.L. §§ 110.00; 125.25(1); 3 counts of Attempted Assault in the First Degree under N.Y.P.L. §§ 110.00; 120.10(1); 3 counts of Attempted Assault in the Second Degree under N.Y.P.L. §§ 110.00; 120.05(2); 2 counts of Endangering the Welfare of a Child under N.Y.P.L. § 260.10(1); Reckless Endangerment in the First Degree under N.Y.P.L. § 120.25; Reckless Endangerment in the Second Degree under N.Y.P.L. § 120.20; Criminal Possession of a Weapon in the Second Degree under N.Y.P.L. § 265.03(1)(B); Criminal Possession of a Weapon in the Second Degree under N.Y.P.L. § 265.03(3); Criminal Possession of a Firearm under N.Y.P.L. § 265.01-b; and Criminal

3

Possession of a Firearm in the Fourth Degree under N.Y.P.L. § 265.01(1). (*Id*. at 2-3.) At the time of Petitioner's arrest, he admitted that he was the individual in the surveillance video firing the weapon. (*Id.* at 50.) Petitioner subsequently explained in a statement that he attempted to shoot Rosado, who was a stranger to him, because "that's what he wanted to do." (*Id.*)

Petitioner, represented by counsel, pleaded guilty on July 6, 2017, pursuant to a plea agreement to Attempted Murder in the Second Degree in violation of N.Y.P.L. §§ 110; 125.25(1), a Class B violent felony. (*Id*. at 36-37.) Petitioner agreed to plead guilty to the top count in exchange for a sentence of nineteen years incarceration and five years PRS, and the dismissal of other charges. (*Id.* at 21.) The Kings County District Attorney's Office had recommended a negotiated sentence of twenty years incarceration with five years PRS, and the prosecution objected to the trial court's lower sentencing offer of nineteen years. (*Id.* at 43.)

During his allocution, the Court asked Petitioner if it was true that he "attempted to cause the death of [Rosado]" with "the intent to cause the death of [Rosado]" and Petitioner replied "Yes." (*Id.* at 37-38.) Petitioner further represented to the court under oath that he had not been forced to accept the plea agreement, that he had sufficient time to discuss the plea offer with his attorney, and that by pleading guilty, he was giving up

certain rights, including his right to a trial. (*Id.* at 37-38.) As part of the negotiated plea bargain, Petitioner agreed to waive his right to appeal his conviction with the exception of an illegal sentence or a Constitutional issue. (*Id.* at 38-39.) On August 3, 2017, Petitioner was sentenced to nineteen years incarceration followed by five years PRS. (*Id.* at 44.)

## II. Petitioner's Direct Appeal

Petitioner was appointed new counsel for his direct appeal to the Supreme Court of the State of New York, Appellate Division, Second Department ("Appellate Division"). (*Id.* at 17.) On October 6, 2020, Petitioner submitted an appeal limited to the claim that "in the interest of justice" his excessive sentence should be reduced. (*Id.* at 22.) In arguing that the sentence could be reviewed, Petitioner claimed he "did not knowingly, intelligently, and voluntarily waive the right to appeal his sentence," and therefore, that portion of his guilty plea should not bar his appeal. (*Id.*)

On February 10, 2021, the Appellate Division affirmed the sentence, finding the "sentence imposed was not excessive." *People v. Holmes*, 138 N.Y.S.3d 353 (2d Dep't 2021). Petitioner then applied for permission to appeal to the New York Court of Appeals, raising the same issues that were raised in his direct appeal. (*See* State Opp. at 70.) On April 18, 2021, the New York Court of Appeals denied leave to appeal. *See People v. Holmes*, 169 N.E.3d

577 (2021).  Petitioner did not request certiorari before the United States Supreme Court.  Thus, Petitioner's conviction became final on July 17, 2021, when the judgment of conviction became final 90 days after the Court of Appeals denied leave to appeal.  *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001) ("the AEDPA limitations period . . . does not begin to run until the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or-if the prisoner elects not to file a petition for certiorari-the time to seek direct review via certiorari has expired").  Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner would have one year, until July 17, 2022, to file for relief under § 2254.

### III. The Instant Petition

On February 11, 2022, Petitioner filed the timely instant petition for *habeas corpus* pursuant to 28 U.S.C. § 2254.  Reading his petition in the most favorable light, taking into consideration his *pro se* status, Petitioner appears to allege two grounds for *habeas corpus* relief: (1) his sentence is excessive and illegal; and (2) he did not knowingly, intelligently, and voluntarily enter into the plea agreement.  (*See* Pet. at 6-7.)

Respondent submitted its brief in opposition to the habeas petition on April 18, 2022.  (*See* State Opp. at 1-7.)  Respondent seeks denial and dismissal of the *habeas corpus* petition on the

following grounds: (1) the sentence was bargained for, within state statutory sentencing limits and therefore is not excessive or illegal and his sentencing challenge is not cognizable on federal habeas review; and (2) the Petitioner's claim that his plea was not knowing, voluntary, or intelligent is unexhausted and procedurally barred, and, in any event, meritless. (*See id.* at 8-15.) Pursuant to this Court's order on February 17, 2022, Petitioner was afforded 30 days from the filing of Respondent's answer to file his reply. (Docket Order dated February 17, 2022.) Petitioner failed to submit a reply by May 18, 2022, as required by the Court's order, and has not submitted any reply in the time since the deadline expired.

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a deferential standard of review where a federal court may only grant habeas relief with respect to any claim that was adjudicated on the merits in state court that: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also Gutierrez v. McGinnis*, 389 F.3d 300, 304 (2d Cir. 2004) (articulating the deferential standard under AEDPA). AEDPA deference requires that

findings from a state court are "presumed to be correct" unless the presumption is rebutted "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Federal habeas relief from a state court conviction is generally predicated on a petitioner "exhaust[ing] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The writ of *habeas corpus* is intended to reflect the principle of comity to "reduce[] friction between the state and federal court systems" and ensure that "the state courts should have the first opportunity to review [the] claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). To provide state courts with this "opportunity," a petitioner must fairly present his claims to the appropriate state court "to resolve federal constitutional claims before those claims are presented to federal courts . . . [and] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. The purpose of the exhaustion doctrine, to that end, "would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 192 (2d Cir. 1982) (en banc).

As Petitioner is proceeding *pro se*, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro*

8

*se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Therefore, the Court must interpret petitioner's pleadings as "rais[ing] the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

**DISCUSSION**

**I.  Excessiveness of Sentence**

Petitioner argues that his sentence of nineteen years with a period of five years PRS for his 2017 conviction of Attempted Murder in the Second Degree is excessive and illegal. (Pet. at 6-7.) Whether interpreted as arising under state law or under the Eighth Amendment, this Court finds no grounds for habeas relief in connection with the Petitioner's sentence.

**A.  Petitioner's State-Law Excessive-Sentence Claim is Not Cognizable under § 2254**

If Petitioner intends to renew his reduced sentence claim that he made to the state appellate court, that claim is denied because it does not provide a federal basis for habeas relief. On direct appeal, Petitioner argued for the Appellate Division to "substitute its own discretion for that of [the] trial court" even though the trial court had not abused its discretion, and the sentence was "within the permissible statutory authority." (State

9

Opp. at 27.) Petitioner relied on New York Criminal Procedure Law ("CPL") § 470.15(3)(c) for the proposition that the Appellate Division was authorized to substitute its own discretion for that of the trial court, and CPL § 470.15(6)(b) in explaining that a sentence could be modified because it was "unduly harsh or severe under the circumstances." (*Id*.) Numerous courts in this circuit, however, have found that "a claim for a reduction in sentence pursuant to § 470.15 does not, without more, raise a federal constitutional issue and is therefore not cognizable on habeas review." *Bonilla v. Lee*, 35 F. Supp. 3d 551, 572 (S.D.N.Y. 2014); *see also Santiago v. Shanley*, No. 20-CV-3530 (RPK), 2023 WL 3321665, at *3 (E.D.N.Y. May 8, 2023) (finding petitioner's renewed reduction-of-sentence claim under state law was not cognizable on habeas review). Thus, to the extent Petitioner seeks to renew his reduction-of-sentence claim and excessive sentence claim under state law, Petitioner's claim is denied because it is not cognizable under federal habeas review.

> **B. Any Claim under the Eighth Amendment is Procedurally Barred and Without Merit**

To the extent the petition may be liberally construed to contend that Petitioner's sentence violates the Eighth Amendment, his contention lacks clarity, as it merely argues the sentence was "excessive[]." (Pet. at 6.) Nevertheless, Petitioner's Eighth Amendment challenge fails for two reasons.

10

*First*, Petitioner's claim is procedurally barred. Petitioner's direct appeal made no reference to the Eighth Amendment, and merely claimed that the sentence was "[e]xcessive" and requested the Appellate Division to substitute its discretion for that of the trial court, thus conceded that the trial court had not abused its discretion in the imposition of the sentence. (State Opp. at 27.) "Because petitioner's 'Appellate Division brief presented his excessive sentence claim in terms of state law, invoking the power of a state appellate court to reduce sentences in the interest of justice under C.P.L. § 470.15(6)(b),' his exclusive 'reliance on a state procedural law granting courts discretionary authority to reduce sentences d[id] not fairly present his[] constitutional claim [to the] state court.'" *Santiago*, 2023 WL 3321665, at *3 (quoting *King v. Cunningham*, 442 F.Supp.2d 171, 181 (S.D.N.Y. 2006)) (collecting cases). "Because petitioner 'did not claim his sentence deprived him of any federal constitutional right' on direct appeal in state court, he has 'failed to exhaust the remedies available in state court' with respect to any claim under the Eighth Amendment, and so the 'court[] need not consider the claim.'" *Id.* (quoting *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)). Accordingly, the claim was not properly exhausted and cannot be considered by this Court.

To overcome a procedural bar, Petitioner must "demonstrate cause for the default and actual prejudice as a result of the

11

alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, Petitioner has failed to meet his burden. Petitioner has not provided any explanation for his failure to properly exhaust his claims in state court or offered proof of actual innocence. Thus, he may not overcome the procedural bar for any constitutional claim regarding the excessiveness of his sentence.

*Second*, notwithstanding the procedural bar, even if the Court could consider Petitioner's claim, it is without merit. It is well-settled law that "[n]o federal constitutional issue is presented where . . . the sentence falls within the range prescribed by the state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (affirming dismissal of petition for habeas relief where Petitioner challenged as cruel and unusual a sentence within the range prescribed by state law). Here, the sentence of nineteen years is within the maximum twenty-five-year range prescribed by state law for a Class B violent felony, including Attempted Murder in the Second Degree, to which Petitioner pleaded guilty. *See* N.Y.P.L §§ 70.02(1)(a), (3)(a) (maximum period of imprisonment for a Class B violent felony is twenty-five years and the minimum is no less than five years). Petitioner was represented by counsel, and stated under oath that he was not pleading guilty based on any threats or promises. (State Opp., Ex. A at 37-39.)

Furthermore, "there is no Supreme Court case that has ever found a sentence to be in violation of the Eighth Amendment merely because of its length." *Bridges v. Lee*, No. 15-CV-4669 (MKB) (CLP), 2019 WL 11816536, at *12 (E.D.N.Y. Aug. 26, 2019), *report and recommendation adopted*, 2021 WL 688292 (E.D.N.Y. Feb. 23, 2021) (citing *Carmona v. Ward*, 576 F.2d 405, 408 (2d Cir. 1978)). Petitioner cannot succeed in showing that, in upholding his nineteen year sentence, the Appellate Division rendered a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1). The sentence was bargained for, within state statutory limits and Petitioner was aware of the trial court's intention to impose a sentence of nineteen years custody and five years PRS. Accordingly, Petitioner's Eighth Amendment claim is procedurally barred, and, in any event without merit, and is denied.

**II. Knowingly, Intelligent, and Voluntary Nature of Petitioner's Guilty Plea**

Liberally construing Petitioner's claims, the instant petition argues that "[the] plea was not intelligently made" because Petitioner "did not understand the meaning of everything," suggesting that his guilty plea was not knowing, intelligent, and voluntary. (Pet. at 6.) The Petition and Petitioner's Appellate Brief make it clear that the only ground raised on appeal to the Appellate Division was that the sentence should be reduced; neither

13

the Petitioner's Appellate brief nor the Appellate Division's decision makes any mention of a claim that the guilty plea itself was not knowingly, intelligently, and voluntarily made.[3] As a result, the claim was not properly raised on appeal, and therefore not "fairly present[ed]" to "the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Accordingly, the claim was not properly exhausted and cannot be considered by this Court.[4]

Even if Petitioner's claim regarding his guilty plea was not procedurally barred, it is nonetheless without merit. "The well-established standard for determining the validity of a guilty plea is 'whether the plea represents a voluntary and

---

[3] Petitioner's appellate brief argued only that his "waiver of the right to appeal" was invalid, based in part on New York caselaw holding that a waiver of the right to appeal "does not preclude appellate review of [a] claim that the sentence imposed . . . was excessive [if] [t]he plea colloquy fails to establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal the severity of his sentence." *People v. Thomas*, 69 N.Y.S.3d 361, 363 (2d Dep't 2018). Petitioner did not argue that any other aspect of the guilty plea was invalid, or that the underlying conviction should be vacated. (State Opp. at 23-27.)

[4] "In New York, claims about the voluntariness of a guilty plea must be presented to the state court in one of three ways: a motion to withdraw the plea before sentencing, a post-judgment New York Criminal Procedure Law ("C.P.L.") § 440.10 motion in the trial court, or on direct appeal if the record permits." *McCormick v. Hunt*, 461 F. Supp. 2d 104, 109 (W.D.N.Y. 2006). Petitioner has provided no evidence dehors the record in support of his claim, and to the extent his challenge to his guilty plea relies on the record, any attempt by the Petitioner to bring a motion pursuant to C.P.L. § 440.10(1)(h) would be futile. *See Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997) ("Section 440.10(2)(c) of New York's Criminal Procedure Law mandates that the state court deny any 440.10 motion where the defendant unjustifiably failed to argue such constitutional violation on direct appeal despite a sufficient record.")

intelligent choice among the alternative courses of action open to the defendant.'" *Velasquez v. Ercole*, 878 F. Supp. 2d 387, 401 (E.D.N.Y. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). A guilty "plea is considered 'intelligent if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way.'" *Id*. (quoting *Manzullo v. People of New York*, No. 07-CV-744 (SJF), 2010 WL 1292302, at *5 (E.D.N.Y. Mar. 29, 2010)). The transcript of Petitioner's plea proceedings demonstrates that Petitioner was represented by counsel, Petitioner stated under oath that he was not pressured to plead guilty, the trial judge informed him of his rights and the consequences of his appellate waiver and entering a guilty plea including the sentence of nineteen years in prison and five years of PRS, and the Petitioner affirmed that he understood and wished to enter his guilty plea. Petitioner additionally allocuted to the elements of the crime.

> The relevant portion of the transcript reads:
>
> THE COURT: Are you satisfied with [your attorney's] representation?
> THE DEFENDANT: Yes.
> THE COURT: [Your attorney] has just entered a plea of guilty for you to the first count of the indictment that is the crime of attempted murder in the second degree which is a Class B felony.
> Is that what you want to do under this indictment?
> THE DEFENDANT: Yes.
> THE COURT: Under that count it's charged that you on or about March 5th, 2016 in Kings County with the intent to cause the death of Nyesha [Rosado] you attempted to cause the death of Nyesha [Rosado], is that true?

15

```
THE DEFENDANT: Yes.
THE COURT: Anybody force you or threaten you or promise
you anything to get you to take this plea?
THE DEFENDANT: No.
THE COURT: You give up your right to a jury trial and
right to call witnesses at that trial, you give up your
right to cross examine witnesses and you also give up
your right to remain silent by taking that plea, do you
understand?
THE DEFENDANT: Yes.
THE COURT: The promise is you're going to be sentenced
to a determinate term of incarceration of 19 years in
state prison and that will be followed by five years
Post Release Supervision. Is that your understanding?
THE DEFENDANT: Yes.
THE COURT: Has anything else been promised to you with
regard to your sentence?
THE DEFENDANT: No.
THE COURT: Has he executed the Waiver?
(Defendant conferring with counsel.)
     By signing the Waiver, you've given up your right
to appeal which means there is no appeal with regard to
anything in your case and the only exception to that
would be an illegal sentence of some Constitutional
issue. Basically you have given up your right to appeal,
do you understand?
THE DEFENDANT: Yes.
THE COURT: Are you a citizen of the United States?
THE DEFENDANT: Yes.
THE COURT: Have you understood everything I've asked
you?
THE DEFENDANT: Yes.
THE COURT: You still wish to enter your plea of guilty?
THE DEFENDANT: Yes.
```

(State Opp., Ex. A at 37-39.)

Petitioner's statements under oath demonstrate that he knowingly, intelligently, and voluntarily entered his guilty plea in exchange for the negotiated sentence that he received. The vague assertion in his habeas petition is, therefore, without merit. *See, e.g., Batista v. Wenderlich*, No. 14-CV-6326 (ENV),

16

2017 WL 6611232, at *3-*5 (E.D.N.Y. Oct. 4, 2017) (denying habeas petitioner's claim that his plea was invalid, where the transcript of the plea demonstrated, *inter alia*, that petitioner had time to discuss with his attorney and verbally responded that he understood the conditions of the plea agreement, the length of the sentence, and the rights he was forfeiting). For the reasons stated, the Court finds that this claim is procedurally barred and, in any event, meritless.

**CONCLUSION**

For the foregoing reasons, Petitioner's Section 2254 petition is respectfully **denied** and **dismissed** in its entirety. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); Rules Governing Section 2254 and 2255 Cases in the United States District Courts, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

The Clerk of Court is respectfully requested to amend the caption to reflect that Christopher Yehl (the Superintendent of Wende Correctional Facility) is the Respondent, enter judgment in favor of Yehl, and close this case. In accordance with 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith and thus denies *in forma pauperis*

17

status for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is requested to serve a copy of this Memorandum and Order and the Judgment on Petitioner and note such service on the docket by April 30, 2024.

**SO ORDERED**

Dated:   April 26, 2024
         Brooklyn, New York

/s/ Kiyo A. Matsumoto

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

18